IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00562-MR

| | |
|---|---|
| WALTER T. GAUSE, ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| RONALD COVINGTON, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on review of the Plaintiff's pro se Complaint. [Doc. 1].[1] The Plaintiff's correctional facility has been ordered to transmit the full filing fee. [Doc. 5].

I. **BACKGROUND**

The incarcerated pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Plaintiff is a prisoner of the State of North Carolina at the Scotland Correctional Institution in Laurinburg, North Carolina, which lies in the Middle District of North Carolina. The Plaintiff names as Defendants: Ronald Covington, a correctional captain; FNU Nealey, an assistant unit

---

[1] The Plaintiff has moved to amend the Complaint [Doc. 6]; however, the Court concludes that this Motion should be addressed by the United States District Court for the Middle District of North Carolina, where venue lies.

manager; FNU Barnes and FNU Jacobs, correctional sergeants; and other "staff" who are all employed at the Scotland CI. [Doc. 1 at 1, 4]. The Plaintiff appears to claim that the Defendants are retaliating against him for having filed a grievance by *inter alia* allowing other inmates to beat him and depriving him of adequate meals, which has resulted in extreme weight loss. [Id. at 5-9]. He seeks a declaratory judgment, injunctive relief, damages, a jury trial, the appointment of counsel, and any other relief that is appropriate. [Id. at 11-12].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under § 1391, the Plaintiff's action may be heard in a venue where all the Defendants reside, or in the venue where the issue

2

substantially arose, which here is the Middle District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action or, if it is in the interest of justice, transfer this action to the United States District Court for the Middle District of North Carolina. The Court will transfer this action to the Middle District of North Carolina.

## III. CONCLUSION

For the reasons stated herein, this action will be transferred to the Middle District of North Carolina.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's action is **TRANSFERRED** to the Middle District of North Carolina.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: October 14, 2024

Martin Reidinger
Chief United States District Judge